# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**vs.)   No. 16-0568**  (BOR Appeal No. 2051038)
                         (Claim No. 2014019769)

**NORMAN R. CASSADY JR.,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Huntington Alloys Corporation, by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Norman R. Cassady Jr., by Lawrence B. Lowry, his attorney, filed a timely response.

The issue on appeal is whether torn right rotator cuff should be added as a secondary compensable condition. On August 13, 2015, the claims administrator denied authorization to add right torn rotator cuff as a compensable condition. The Office of Judges reversed the decision and held the claim compensable for right torn rotator cuff in its January 8, 2016, Order. The Order was affirmed by the Board of Review on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cassady, an auxiliary machine operator, was turning a brake wheel when he felt a pop in his right shoulder on January 6, 2014. A right shoulder MRI performed on January 17, 2014, revealed acromioclavicular joint osteoarthritis, degeneration of the labrum, degenerative tearing, full thickness tears of the infraspinatus and supraspinatus tendons, subscapularis tendinopathy, possible interstitial tearing, and rotator cuff arthropathy. Stanley Tao, M.D., recommended Mr. Cassady undergo a right shoulder arthroscopy, rotator cuff repair, and acromioplasty and requested authorization for the procedure from the claims administrator on

1

January 21, 2014. The claims administrator held the claim compensable for a sprain of the right shoulder on January 27, 2014.

Kelly Agnew, M.D., performed a medical records review on February 4, 2014. He noted that the high-riding humeral head with glenoid osteoarthritic changes seen on the January 17, 2014, MRI was a late or end stage change of chronic rotator cuff tears. In his opinion, that type of change did not occur in an acute rotator cuff tear, but would take years to develop and was degenerative in nature. There was nothing to suggest that the degenerative changes were aggravated, accelerated, or had their natural history changed by the work injury. In his opinion, the surgery requested by Dr. Tao was unrelated to the compensable injury. The claims administrator denied authorization for the right rotator cuff surgery based on the opinion of Dr. Agnew on February 6, 2014.

On February 11, 2014, Mr. Cassady was seen by Dr. Tao who noted Mr. Cassady tore his right rotator cuff at work when he was turning a wheel and felt a pop in his shoulder. Mr. Cassady had continued to experience right shoulder pain since the injury. On March 6, 2014, Dr. Tao performed arthroscopic surgery that included a right shoulder arthroplasty with rotator cuff repair, biceps tenotomy of the right shoulder, and an acromioplasty of the right shoulder.

Allen Young, M.D., treated Mr. Cassady on August 5, 2014. Dr. Young noted Mr. Cassady was injured when he was trying to turn a brake wheel counter clockwise and felt a sudden pain in the right shoulder. In Dr. Young's opinion, the mechanism of injury would have put the right arm in a position that puts stress on the supraspinatus tendon. The wheel was above shoulder level which would have put extra stress on the shoulder as well. Dr. Young noted Mr. Cassady continued to have weakness and pain in the shoulder.

Marsha Bailey, M.D., performed an independent medical evaluation and issued a report on February 26, 2015. Mr. Cassady told her that on the day of the accident, the sudden pain in his shoulder made him cry out and he told his co-worker he thought he had dislocated his shoulder. Mr. Cassady told Dr. Bailey he experienced pain in his right shoulder when he lifted any more weight than a gallon of milk or performed any activities over shoulder height. On examination, Dr. Bailey noted that Mr. Cassady was tender to palpation of his right upper trapezius muscle and had diminished range of motion. In Dr. Bailey's opinion, Mr. Cassady had a compensable diagnosis of a right shoulder sprain and strain. The ongoing symptoms of chronic right shoulder pain with limited range of motion were a direct result of his pre-existing right shoulder degenerative joint disease and rotator cuff arthropathy, including his longstanding glenohumeral and acromioclavicular osteoarthritis. Dr. Bailey agreed with Dr. Agnew who opined that the MRI pathology that led to the recommendation for surgical treatment was solely the result of his pre-existing degenerative joint disease and rotator cuff arthropathy and unrelated to the sprain and strain due to the January 6, 2014, injury.

On May 14, 2015, the Office of Judges affirmed the claims administrator's February 6, 2014, decision denying authorization for the rotator cuff surgery. It concluded that the right shoulder pathology was not a recognized compensable condition. The issue it had been asked to review related to the treatment of Mr. Cassady's shoulder condition and not the compensability

of the condition. Therefore, the Office of Judges determined that compensability of the right shoulder condition must be determined first and that Mr. Cassady offered no evidence that the pathology in his right shoulder was a compensable condition. [1]

On August 6, 2015, Mr. Cassady's attorney submitted a request to the claims administrator that right rotator cuff tear be added as a compensable component to the claim.[2] The medical records of Dr. Tao were attached to the request. On August 13, 2015, the claims administrator denied the request based on Dr. Agnew's February 4, 2014, medical records review and because there was no diagnosis update form or request from a physician to add any diagnosis to the claim.

On January 8, 2016, the Office of Judges reversed the claims administrator's August 13, 2015, decision and ordered the claim be held compensable for a torn right rotator cuff. The Office of Judges found this to be a close case. However, it determined that the mechanism of injury and the fact that Mr. Cassady had no prior right shoulder symptoms suggested that it was more likely than not that he sustained a right rotator cuff tear on January 6, 2014.

Drs. Tao and Young both opined that Mr. Cassady tore his right rotator cuff when he was turning a wheel at work. Drs. Agnew and Bailey both opined that the right rotator cuff tear was pre-existing. The Office of Judges relied on the opinions of Drs. Tao and Young, both of whom opined that the injury resulted in Mr. Cassady requiring treatment for the right shoulder, including the rotator cuff. Drs. Tao and Young based their opinions on Mr. Cassady's history of the mechanism of injury and sudden onset of pain. The Office of Judges also found that while Mr. Cassady may have had pre-existing degenerative changes in the right shoulder, as Drs. Agnew and Bailey opined, he was still susceptible to injury.

The Office of Judges then addressed the claim administrator's denial of Mr. Cassady's request to add right torn rotator cuff as a compensable condition. The claims administrator denied the request due to Mr. Cassady's failure to submit the request on a form completed by his physician. The Office of Judges found that West Virginia Code of State Rules §85-20 (2006) does not prohibit a claimant or their representative from requesting the addition of secondary conditions. The Office of Judges determined the claims administrator was aware of Mr. Cassady's medical condition and the potential for the argument regarding compensability. Therefore, it would be a waste of time for Mr. Cassady to ask Dr. Tao to make the request on a specific form.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 20, 2016. After review, we agree with the Board. Mr. Cassady was asymptomatic prior to January 6, 2014, when he sustained a compensable injury to his right shoulder. The need for the arthroscopic surgery did not arise until after the injury. Drs. Tao and Young, on whose opinions the Office of Judges relied, opined that the rotator cuff tear

---

[1] The May 14, 2015, Order is not at issue in the instant appeal.
[2] It appears from the record that this request was made by Mr. Cassady's attorney due to the Office of Judges' May 14, 2015, Order that the issue in the claim was one of compensability, not treatment.

3

was the result of the work injury. Mr. Cassady had no right shoulder symptoms for which he sought medical treatment until the injury.

Additionally, West Virginia Code of State Rules §85-20 does not prohibit the submission of a request for the addition of a compensable condition by the claimant or the claimant's representative. In this instance, the claims administrator was aware that Mr. Cassady had been diagnosed with a rotator cuff tear and that surgery had been requested. The claims administrator was provided medical records that confirmed the diagnosis. Furthermore, the request at issue was made in response to an Order of the Office of Judges. Therefore, the manner of the request to add torn right rotator cuff as compensable in this circumstance was not unreasonable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker